***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the N.C. Workers' Compensation Act.
2. An employee/employer relationship existed between the named employee and named employer at the times in question.
3. The employer is self-insured with Gallagher-Bassett Services as the administrator.
4. The employee's average weekly wage is $408.31 per week.
5. The employee sustained an injury or contracted an occupational disease on or about August 28, 1996.
6. The defendants admit the injury/disease arose out of and in the course of employment and is compensable.
7. Documents stipulated into evidence include the following:
 a) Stipulated Exhibit #1 Industrial Commission Forms, Plaintiff's Medical and Vocational Rehabilitation Records
8. Issues for decision by the Commission include the following:
 a) Is the plaintiff's depression/anxiety related to her compensable injury, and should psychiatrist Dr. Karl Schroeder be authorized as a treating physician;
 b) Is the plaintiff currently disabled as a result of her August 28, 1996 injury by accident;
 c) Whether the plaintiff is required to comply with medical treatment specifically a cardiac test, as recommended by Dr. Carlton.
 d) The undersigned notes that the issue as to which pain clinic the plaintiff should attend is moot as the employee began receiving services at Burke Rehabilitation on September 10, 2001.
 9. The depositions of Dr. Warren Burrows, II and Dr. Karl Schroeder are a part of the evidentiary record in this case.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff worked as a material handler for employer beginning in 1991.
2. As a result of her admittedly compensable August 28, 1996 injury by accident, plaintiff developed right epicondylitis and carpal tunnel syndrome. A September 11, 1996 Form 21 regarding this matter was approved by the Industrial Commission. In addition to hand and arm pain, plaintiff early on, as reflected in Dr. Burrows' November 18, 1996 note, also complained of neck pain and headaches.
3. Plaintiff has undergone extensive treatment by a number of doctors, but still has a chronic pain syndrome involving her right hand and arm (with symptoms developing in the left arm also), neck pain and headaches. As shown in Dr. Warren Burrows, II's April 2001 notes, plaintiff has "excruciating pain" and continues "to be totally miserable". Plaintiff has continued to have a number of positive physical findings and is not faking according to Dr. Burrows, though the related psychiatric conditions may be enlarging plaintiff's symptoms.
4. Beginning September 10, 2001, plaintiff enrolled at Burke Rehabilitation. Up to that point, it had not been decided by the parties as to which pain clinic plaintiff would attend. Plaintiff had requested treatment by an anesthesiologist at Unifour Pain Treatment Center. Burke Rehabilitation does not have a medical doctor on staff.
5. On July 13, 2000, plaintiff began treatment by Dr. Karl Schroeder, a board certified psychiatrist. At the time of this visit, plaintiff presented with symptoms of decreased sleep, crying, poor appetite, low energy, withdrawn behavior, irritability, impaired concentration, memory problems and suicidal ideations. Plaintiff had also suffered some panic attacks.
6. Dr. Schroeder diagnosed plaintiff with major depression, recurrent, severe, and panic disorder, as well as chronic arm/neck pain. Depression and panic disorders are often caused or aggravated by pain and/or the stress of an injury. It is Dr. Schroeder's medical opinion, and the Commission so finds, that plaintiff's depression and panic disorder were caused or aggravated by plaintiff's original injury at work and resulting pain.
7. By February 16, 2001, Dr. Schroeder did not think plaintiff was capable of any sort of productive work. Plaintiff was in severe emotional distress and was barely able to control her angry impulses and at times was breaking things. As of the time of his deposition on September 18, 2001, Dr. Schroeder maintained, and the Commission finds, that plaintiff was not employable due to her level of psychiatric stress. Plaintiff has been and remains incapable of earning any wages since being out of work in association with her admittedly compensable claim.
8. On November 3, 2000, plaintiff filed with the Commission a request for approval of treatment by Dr. Schroeder which defendants refused as defendants denied any psychiatric condition was related to plaintiff's physical injury. Plaintiff's request for approval was filed within a reasonable time, and the treatment sought was to effectuate a cure or rehabilitation of plaintiff's psychiatric condition. By Administrative Order filed November 15, 2000, plaintiff's motion was denied pending hearing since defendants had denied compensability of her psychiatric conditions.
9. Plaintiff will likely require extensive future psychiatric treatment including medications and doctor visits. Plaintiff's major depression and panic disorder have resulted in marked disability in social functioning, in concentration/persistence, and adaptation to work like settings.
10. Plaintiff has had very negative experiences with references to previous dye testing and blood patches. Following these procedures, plaintiff has felt paralyzed, regurgitated, cried, and experienced severe headaches. Plaintiff is absolutely adamant about not having to submit to any testing that may require dye or other types of injections. Dr. Carlton has recommended cardiac testing that would require dye testing. This particular testing has not previously been ordered by the Industrial Commission and the Commission declines to do so at this time. Alternative testing may be available to plaintiff in order to achieve the same results, and the Commission finds that defendants should explore other options for cardiac testing that do not involve dye injections or similar procedures.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As a result of plaintiff's admittedly compensable August 28, 1996 injury by accident and accepted resultant conditions, plaintiff also developed and/or aggravated major depression and panic disorder for which plaintiff is eligible to have defendants provide medical treatment. N.C.G.S. § 97-25.
2. Plaintiff's request for approval of Dr. Karl Schroeder as a treating psychiatrist of her choosing was filed within a reasonable time, and the treatment sought was to effectuate a cure or rehabilitation of plaintiff's psychiatric condition. Dr. Schroeder has rendered appropriate and beneficial treatment designed to effect a cure or rehabilitation for plaintiff beginning July 13, 2000, and he should be authorized as one of plaintiff's treating physicians. N.C.G.S. §97-25.
3. Plaintiff continues to be disabled and unable to earn any wages as a result of her admittedly compensable condition, and resulting psychiatric problems, and is entitled to continue receiving workers' compensation benefits at the rate currently being paid by defendants, that being $272.22 per week. N.C.G.S. § 97-29.
4. Plaintiff is not obligated to undergo the cardiac testing as recommended by Dr. Carlton. Defendants may explore other options for achieving the same results, using less invasive procedures, or ones that do not require dye injections.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to attorney's fees approved herein, defendants shall continue to pay plaintiff temporary total disability compensation at the rate of $272.22 per week, and continuing until further Order of the Industrial Commission.
2. Dr. Karl Schroeder is authorized as plaintiff's treating psychiatrist effective July 13, 2000, and defendants shall pay for past and future treatment recommended by Dr. Schroeder, for so long as said treatment is necessary to effect a cure and/or provide relief of plaintiff's symptoms.
3. Defendants shall continue to pay all medical expenses incurred or to be incurred by plaintiff as a result of the compensable injury/disease, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief or may tend to lessen plaintiff's period of disability, when bills for same have been submitted and approved by the Industrial Commission.
4. An attorney's fee for plaintiff's counsel is hereby APPROVED in the amount of twenty-five percent (25%) of the compensation awarded to plaintiff in Paragraph 1 above, which amount shall be deducted from the sums due plaintiff, in the form of every fourth check, which shall be sent directly to plaintiff's counsel by defendants.
5. Defendants shall pay the costs due the Industrial Commission.
This the ___ day of August 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER